# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| CITY OF ST. LOUIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:13CV1025 SNLJ |
| | ) |
| BINDAN CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

Plaintiff filed an action in state court alleging claims of breach of contract and breach of express and implied warranties under state law. The case was removed to this Court based on diversity jurisdiction. This matter is before the Court on the plaintiff's motion to remand (#8) based on the presence of a Missouri defendant joined by a first amended complaint. The removing defendants oppose remand alleging that the plaintiff fraudulently joined the Missouri defendant for the sole purpose of defeating diversity jurisdiction. Responsive pleadings have been filed, and this matter is now ripe for disposition.

**I.      Background**

Plaintiff originally filed this state law cause of action in the Circuit Court of the City of St. Louis on April 15, 2013, against defendants Bindan Corporation, Detec Tile Corporation, and Thomas Lally (collectively, "Illinois defendants"). The Illinois defendants were served on May 1, 2013. A notice of removal was filed by the Illinois defendants in this Court on May 28, 2013, based on diversity jurisdiction under 28 U.S.C. § 1332. Prior to the filing of the notice of removal and before the Illinois defendants' responsive pleadings were due, on May 24, 2013, plaintiff filed a first amended complaint in state court adding defendant R.V. Wagner, Inc.

("Missouri defendant").[1] The Illinois defendants had not been served with the first amended complaint at the time they filed their notice of removal. There is no dispute as to the citizenship of the plaintiff or the defendants, or that the amount in controversy exceeds $75,000.

Plaintiff filed its motion to remand on June 14, 2013, requesting that this Court remand this matter to the Circuit Court of the City of St. Louis pursuant to 28 U.S.C. § 1447(c) because there is not diversity jurisdiction with the Missouri defendant in the case. The Illinois defendants oppose remand arguing that the Missouri defendant was fraudulently joined and its presence should be disregarded in determining jurisdiction. Additionally, in opposing remand, the Illinois defendants contend that there may be separate federal question jurisdiction.

## II.     Legal Standard

The Eight Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Industries*, 823 F.2d 214, 216 (8th Cir. 1987). "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The party invoking federal jurisdiction bears the burden of showing that all prerequisites to jurisdiction are satisfied. *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969). Any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007); *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

28 U.S.C. §§ 1441 and 1446 govern removal of a state court action to federal court. Pursuant to § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the

---

[1] Under Missouri Rule of Civil Procedure 55.33(a), "[a] pleading may be amended once as a matter of course at any time before a responsive pleading is served . . . ."

initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." A notice of removal may be amended during the 30 day period during which the removal may be filed. *Whitehead v. The Nautilus Group, Inc.*, 428 F.Supp.2d 923, 928-29 (W.D. Ark. 2006); *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 600 (8th Cir. 2002). Although a notice may be amended after the 30 day period, the notice can only be amended to add specific facts supporting the originally stated grounds for removal or to clarify the grounds for removal as stated in the original notice. *Id.* The amendment cannot add new grounds for removal once the 30 day period has expired. *Id.*

Where a defendant is joined solely to deprive federal courts of jurisdiction, such joinder is fraudulent and will not prevent removal. *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983). The removing party alleging fraudulent joinder bears the burden of proving the alleged fraud. *Manning v. Wal-Mart Stores East, Inc.*, 304 F.Supp.2d 1146, 1148 (E.D. Mo. 2004). In determining whether a resident has been fraudulently joined to defeat diversity, a Court may look to materials in the record, including affidavits, to determine whether they establish facts supporting claims against the defendant. *Dumas v. Patel*, 317 F.Supp.2d 1111, 1114 (W.D. Mo. 2004); *Reeb v. Wal-Mart Stores, Inc.*, 902 F.Supp. 185, 187-88 (E.D. Mo. 1995). In this analysis, we do not focus on the artfulness of the plaintiff's pleadings. *Wilkinson*, 478 F.3d at 964. "If there is no reasonable basis in fact or law supporting the claim against the resident defendant, or the reviewing court finds that the plaintiff has no real intention of prosecuting the action against the resident defendant, joinder is fraudulent and removal is proper." *Reeb*, 902 F.Supp. at 187.

The proper test to decide whether to remand to state court is the fraudulent joinder standard set forth in *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806 (8th Cir. 2003) as opposed to the Rule 12(b)(6) dismissal standard. *Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 979-80

(8th Cir. 2011) citing *Junk v. Terminix Intern. Co.*, 628 F.3d 439, 445 (8th Cir. 2010) (noting that the Rule 12(b)(6) standard is "more demanding" than the *Filla* standard). The district court is not required to ascertain and apply state law, but instead the court determines "whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Filla*, 336 F.3d at 811. The court resolves all facts and ambiguities in the controlling substantive law in the plaintiff's favor, and may not proceed to the merits of the matter in deciding whether it has jurisdiction. *Id.* "[I]n situations where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'" *Id.* (quoting *Iowa Public Service Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 406 n.6 (8th Cir. 1977).

With these principles in mind, the Court turns to the discussion.

**III.    Discussion**

Plaintiff moved for remand on the grounds that there is not complete diversity between plaintiff and defendants. The Illinois defendants argue that the plaintiff fraudulently joined the Missouri defendant for the sole purpose of defeating diversity jurisdiction and its presence should be disregarded in determining jurisdiction. The Missouri defendant, however, has not joined in this argument and has not filed a motion to dismiss for failure to state a claim against it. Instead, the Missouri defendant has also filed a motion to remand.

Plaintiff's first amended complaint arises out of a contract with the Illinois defendants and the Missouri defendant for the purchase and installation of warning tiles on platforms operated by Amtrak at Gateway Transportation Center in the City of St. Louis. The platforms serve as train boarding areas for train passengers. In order to meet federal guidelines and Amtrak

specifications, the warning tiles had to be colored federal yellow to provide a visual warning to passengers, with raised dimples on the tiles to provide a tactile warning to visually impaired passengers, alerting passengers of the edge of the platforms. The tiles were purchased from the Illinois defendants and installed by the Missouri defendant. Plaintiff alleges that only 18 months after the installation, the tiles had substantially faded from the required federal yellow and appeared gray in color. Plaintiff's first amended complaint includes claims for breach of contract and breach of express and implied warranties.

Under Missouri law, the elements of breach of contract include: "(1) the making and existence of a valid and enforceable contract between plaintiff and defendant; (2) the right of plaintiff and the obligation of defendant thereunder; (3) a violation thereof by defendant; and (4) damage resulting to plaintiff from the breach." *Mac-Fab Products, Inc. v. Bi-State Development Agency of Missouri-Illinois Metropolitan Dist.*, 726 S.W.2d 815, 819 (Mo.App. E.D. 1987). Even though plaintiff's first amended complaint is a bare bones pleading, it pleads the elements of a breach of contract claim. It alleges that the defendants failed to perform their obligations under the contract simply by "failing to provide plaintiff with federal yellow tiles which retained their yellow color. Consequently, defendants have failed to perform their obligations under the contract." In light of the low hurdle required for stating a colorable claim under a fraudulent joinder inquiry, plaintiff has alleged a cause of action for breach of contract against all defendants.

The Illinois defendants argue that the plaintiff's breach of contract claim is not viable because it is subsumed by its breach of warranty claims under the warranty provisions of the UCC. However, the cited UCC provisions are the remedies available to a buyer with regard to the sale of goods. Their argument assumes, though, that the breach of contract claim is based

solely on the purchase of the tiles as opposed to a breach on other grounds. As such, it goes beyond the fraudulent joinder determination and is an issue for the state court after remand.

As to the plaintiff's breach of warranty claims, the Illinois defendants contend that the plaintiff does not allege that the Missouri defendant made any warranty concerning the tiles or adopted any warranty made by the Illinois defendants. Additionally, they argue that as the general contractor and the party installing the tiles, logic dictates that the Missouri defendant "would not have warranted the color of such tiles against fading, regardless of any allegations to the contrary." (Doc. #20). In fact, however, the first amended complaint alleges the breach of express and implied warranties claims *against all defendants*. In suggesting that this Court disregard such allegations, the Illinois defendants ignore the law on the issue of fraudulent joinder and improperly seek to have this Court review the merits of plaintiff's claims. On the face of plaintiff's first amended complaint, there is a reasonable basis to find that it states a breach of warranty claim against all defendants.

Finally, in their response to the motion to remand, the Illinois defendants contend that there may be federal question jurisdiction as a separate basis for jurisdiction in this Court. They acknowledge that federal question jurisdiction was not raised in the notice of removal. Additionally, the Illinois defendants have never sought to amend their original notice of removal. Instead, the issue was first raised in their opposition to the plaintiff's motion to remand that was filed after the expiration of the 30 day period during which a petition for removal may be filed. As a result, the Illinois defendants are barred under § 1446(b) from asserting federal question as a ground for removal. *Whitehead v. The Nautilus Group, Inc.*, 428 F.Supp.2d 923, 928-29 (W.D. Ark.2006); *Blankenship v. Philadelphia Indem. Ins. Co.*, No. 4:12CV293SNLJ, 2012 WL 3765107, at *2 (E.D. Mo. Aug. 30, 2012).

## IV.   All Other Pending Motions

There are a number of other pending motions in this case that can be summarily ruled on in light of this Court's decision to grant plaintiff's motion to remand.

The Illinois defendants requested limited discovery on the issue of whether there is federal question subject matter jurisdiction as an independent basis for removal. Because the issue of federal question jurisdiction was not raised in the notice of removal and is barred under the time limitations of § 1446(b), the motion for limited discovery (#21) is denied.

The motions to dismiss, including the motions to dismiss the claims against the Illinois defendants (#5) and the motion to dismiss a cross-claim (#39), are not related to the motion to remand and are deferred to the state court for ruling.

Counsel for defendant R.V. Wagner, Inc. filed a motion to withdraw. As new counsel has entered into the case on behalf of defendant R.V. Wagner, Inc., the motion to withdraw (#38) is granted.

Finally, because plaintiff's motion to remand is granted and the case is being remanded to state court, the Missouri defendant's motion to dismiss or to remand (#41), which challenged this Court's jurisdiction due to lack of diversity between plaintiff and defendants, is moot.

## V.   Conclusion

Because there is a reasonable basis to find that plaintiff's first amended petition states a cause of action against the Missouri defendant, the Missouri defendant has not been fraudulently joined, this Court does not have subject matter jurisdiction over this cause of action, and remand is required. Accordingly, plaintiff's motion to remand is granted (#8).

Dated this 25th day of October, 2013.

                                                                _____
                                                                STEPHEN N. LIMBAUGH, JR.
                                                                UNITED STATES DISTRICT JUDGE

Case: 4:13-cv-01025-SNLJ   Doc. #:  46   Filed: 10/25/13   Page: 8 of 8 PageID #: 234